ELMORE, Judge.
Petitioner appeals the trial court's order upholding the rulings of the assistant clerk of superior court in a guardianship action. We affirm in part and dismiss in part as moot.
I. Background
On 15 November 2012, Ann W. Reish (petitioner) filed a petition for adjudication of incompetence and request for an interim guardian of her mother, Ann S. Wadsworth (the ward). Petitioner alleged that her younger sister, Cynthia Wadsworth (Wadsworth), had been exploiting the ward financially. The assistant clerk of superior court, Kandy Taylor (Clerk Taylor), entered an order adjudicating the ward incompetent and establishing petitioner as the interim guardian.
A hearing was scheduled for 21 January 2015 to discuss the modification of guardianship. That morning, Wadsworth filed a pro se amended motion in the cause to modify guardianship and moved for a continuance until she could find new counsel. Clerk Taylor denied the motion to continue on five different grounds, including: "Cynthia Wadsworth is not a party to the action, other than being an interested party who can provide information to the Court." In a separate order, Clerk Taylor modified guardianship to appoint petitioner as general guardian of the ward.
On 17 February 2015, Wadsworth, through her new counsel, filed a motion seeking a change of venue from Watauga County to Avery County for "good cause" on the following grounds:
1. A contentious and rancorous atmosphere has enveloped recent proceedings before the Watauga Clerk of Superior Court in the above-captioned matter. Movant-Interested Party Wadsworth is of the good faith belief that all parties would benefit from the requested transfer of venue, in that, aforesaid transfer to Avery County would give the matter a fresh start, and potentially help cool hostilities and tensions which have developed between all interested parties. Movant-Interested Party Wadsworth respectfully contends that the machinations of Guardian Ann Reish have poisoned the present forum and venue to the detriment and prejudice of Movant-Interested Party Wadsworth.
2. Further, no hardship or prejudice to Guardian Ann Reish will result from the requested transfer of venue to Avery County. Upon information and belief, Movant-Interested Party Wadsworth hereby avers that Reish resides in Virginia. Movant-Interested Party Wadsworth resides in Alabama. Therefore, both parties must drive from out-of-state to attend hearings in the above-captioned matter whether or not said hearings are conducted in Avery County or Watauga County. Further, the office of Tricia Wilson, counsel for Ann Reish, is located in Avery County, so the requested transfer to Avery County would conceivably be more convenient for her.
In response to the motion, petitioner moved for Rule 11 sanctions against Wadsworth and her attorney. The newly appointed assistant clerk of superior court, Patrick Campbell (Clerk Campbell), consolidated all pending motions for a hearing, which was eventually held on 21 and 22 May 2015. Clerk Campbell ruled that Wadsworth had standing to pursue her motions and issued orders (1) denying Wadsworth's motion for change of venue; (2) allowing Wadsworth's motion directing petitioner to facilitate contact between Wadsworth and the ward; and (3) denying petitioner's motion for Rule 11 sanctions. Petitioner and Wadsworth both appealed Clerk Campbell's orders to the superior court, which affirmed the orders.
Petitioner timely appeals from the superior court's order. On 25 October 2016, the parties notified this Court of the ward's death.
II. Discussion
A. Standing
Petitioner first argues that, based on Clerk Taylor's "prior ruling" in her order denying Wadsworth's motion to continue, Wadsworth lacked standing to file any motion in the guardianship action. Petitioner contends, therefore, that Clerk Campbell lacked subject matter jurisdiction to hear Wadsworth's motions, Clerk Campbell "improperly overruled the judgment of another superior court judge previously made in the same action," and the trial court erred in upholding Clerk Campbell's ruling. We recognize that the ward's death has likely rendered this issue moot, but to the extent it has some collateral bearing on the appropriateness of Rule 11 sanctions, see Part II.C., infra, we address the merits.
In her order denying Wadsworth's motion to continue, Clerk Taylor concluded that Wadsworth was not a party to the action but was "an interested party." As an interested party, Wadsworth could "file a motion in the cause with the clerk ... to request modification of the order appointing a guardian ... or consideration of any matter pertaining to the guardianship." N.C. Gen. Stat. § 35A-1207(a) (2015). To assert that Wadsworth lacked standing to file any motion, or to infer such a conclusion from the clerk's order, is inaccurate. The trial court properly concluded that Wadsworth had standing to proceed as an interested person.
B. Directing Guardian to Facilitate Contact
Next, petitioner argues that the trial court erred in upholding Clerk Campbell's order to "facilitate contact" between the ward and Wadsworth. Petitioner asserts that our statutes confer exclusive authority upon the guardian to make custody determinations for the ward-including contact and visitation with others. By ordering petitioner to facilitate contact, she contends, the clerk "exceeded its statutory authority and usurped the guardian's power to make decisions concerning custody of the ward."
The ward's death has rendered this issue moot. "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." Roberts v. Madison Cnty. Realtors Ass'n, Inc. , 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (citing BLACK'S LAW DICTIONARY 1008 (6th ed. 1990)). Petitioner remained general guardian and was ordered only to "facilitate communication" between the ward and Wadsworth. Because reversing on this issue would offer no relief for petitioner, we dismiss petitioner's argument.
Assuming arguendo that this issue is not moot, we disagree with petitioner. In support of her position, petitioner cites to the following language from N.C. Gen. Stat. § 35A-1241(a)(1) (2015): "The guardian of the person is entitled to custody of the person of the guardian's ward...." In doing so, however, she conveniently ignores the important caveat in subdivision (a) which provides in more complete terms: "To the extent that it is not inconsistent with the terms of any order of the clerk ..., a guardian of the person has the following powers and duties: (1) The guardian of the person is entitled to custody of the person of the guardian's ward." N.C. Gen. Stat. § 35A-1241(a) (2015) (emphasis added). As the plain language of the statute reveals, the clerk acted within its authority in allowing contact between the ward and Wadsworth. Petitioner's additional allegations of abuse of discretion are equally unavailing.
C. Rule 11 Sanctions
Finally, petitioner argues that the trial court erred in upholding Clerk Campbell's order denying petitioner's motion for Rule 11 sanctions. Because the estate stands to benefit from a favorable ruling on this issue via an award of attorney fees, we address the merits. See Roberts , 344 N.C. at 398-99, 474 S.E.2d at 787.
We review de novo the trial court's decision to impose or deny Rule 11 sanctions. Turner v. Duke Univ. , 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). In our review, we must determine "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." Id. If the Court "makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a)." Id.
Rule 11(a) of the North Carolina Rules of Civil Procedure provides in pertinent part:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....
N.C. Gen. Stat. § 1A-1, Rule 11(a) (2015).
Pursuant to N.C. Gen. Stat. § 35A-1204(a) (2015), "[v]enue for the appointment of a guardian for an incompetent person is in the county in which the person was adjudicated to be incompetent...." The clerk may, however, transfer the matter to a different county "for good cause." N.C. Gen. Stat. § 35A-1205 (2015).
While petitioner argues that the venue motion "had nothing whatsoever to do with the statutory requirement warranting a change of venue," the only statutory requirement is "good cause." The trial court found, and we agree, that "[i]t is not uncommon for matters to be transferred from one clerk's office to another for various reasons, including conflicts between persons." And while Clerk Campbell determined good cause to transfer venue was not present in this case, that does not necessarily mean that Wadsworth's motion had no basis in law or fact or that it was filed for an improper purpose. As the trial court appropriately concluded: "Although the motion was denied and the Clerk found no good cause for the transfer, this is not dispositive for a Rule 11 analysis." Because we see no grounds to justify Rule 11 sanctions against Wadsworth, we conclude that the trial court properly upheld the clerk's order.
III. Conclusion
We affirm the trial court's order upholding the clerk's rulings on the first and third issues presented on appeal. Wadsworth had standing as an interested party to file motions in the cause, and Wadsworth's change of venue motion was based on factual sufficiency, legal sufficiency, and was not filed for an improper purpose. Because the resolution of petitioner's second argument would have no practical effect on the controversy, we dismiss it as moot.
AFFIRMED IN PART; DISMISSED IN PART AS MOOT.
Report per Rule 30(e).
Judges HUNTER, JR. and DILLON concur.